IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TIMOTHY JOHN HARDT, et al.,<br><br>Debtors,<br>_____<br><br>HILDA L. SOLIS,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY JOHN HARDT, et al.,<br><br>Defendants. | Case No.: 1:10-cv-01847 AWI JLT<br><br>ORDER DENYING STIPULTION TO AMEND SCHEDULING ORDER<br><br>(Doc. 30) |

Before the Court is the stipulation of Plaintiff and Defendant John Hardt and Michelle Hardt. (Doc. 30) In the stipulation, the parties report they are continuing to have settlement discussions and would like to delay the deposition of Timothy Hardt until after these discussions are concluded. Id. at 2. The parties ask for an extension of time to August 13, 2012 to conduct the deposition, if it becomes necessary. Id.

Notably, the parties have been having settlement discussions for months. This Court held a settlement conference on February 16, 2012. (Doc. 43) At that time, Mr. Hardt agreed to

complete a financial affidavit to allow further settlement discussions. Id. On April 18, 2012, the Court held the mid-discovery status conference. (Doc. 45) Despite the passage of two months since the settlement conference, the parties still had not achieved settlement. Id. At the hearing, on April 18, 2012, the Court cautioned counsel that ongoing settlement discussions, <u>would not constitute good cause to extend the discovery deadlines.</u> Id. The Court strongly urged the parties to complete their discovery tasks expeditiously. Despite this, the parties offer no justification for their requested schedule amendment.

According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations</u>, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." <u>Jackson</u>, 186 F.R.D. at 608, emphasis added.

Here, there are no new circumstances and no showing of diligence whatsoever. The parties were not surprised by conditions that made completing discovery in a timely fashion impossible. Instead, they decided to proceed, ploddingly, toward a determination of whether they will settle without, seemingly, making any progress. In doing so, they decided affirmatively to forego discovery efforts despite admonishment by the Court.

///

///

Therefore, because good cause has not been shown for the requested amendment to the case schedule, the stipulation is **DENIED**.

IT IS SO ORDERED.

Dated: **July 3, 2012**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE