1  Janet M. Herold, Regional Solicitor
   Bruce L. Brown, Associate Regional Solicitor
2  Danielle L. Jaberg, Counsel for ERISA
   Evan H. Nordby, Trial Attorney, WSBA #35937
3  Office of the Solicitor
   U.S. Department of Labor
4  300 Fifth Ave., Suite 1120
   Seattle, WA  98104
5  Telephone:     (206) 757-6762
   Facsimile:     (206) 757-6761
6
   Attorneys for Hilda L. Solis, Secretary of Labor,
7  United States Department of Labor, Plaintiff

8                   UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF CALIFORNIA
9                            FRESNO DIVISION

10

11  In re                                      )   District Ct. No. 1:10-CV-01847-AWI-JLT
                                               )
12  TIMOTHY JOHN HARDT fdba HARDEL,            )   Bankruptcy No.  09-62756-A-7
    INC. fdba JOURNEY ELECTRICAL               )
13  TECHNOLOGIES, INC. fdba THE                )   Adversary No.: 10-01206-A
    FITNESS CENTRE, LLC DELAWARE fdba          )
14  TRI STATE, INC. fdba THE FITNESS           )   **JOINT STIPULATION AND ORDER AS**
    CENTRE LLC CA_101 and MICHELLE             )   **TO NONDISCHARGEABILITY OF**
15  RENE HARDT                                 )   **DEBT**
                                               )
16  Debtors.                                   )
                                               )
17  HILDA L. SOLIS, Secretary of Labor,        )
    United States Department of Labor,         )
18                                             )
           Plaintiff,                          )
19                                             )
           vs.                                 )
20                                             )
    TIMOTHY JOHN HARDT fdba HARDEL,            )
21  INC. fdba JOURNEY ELECTRICAL               )
    TECHNOLOGIES, INC. fdba THE                )
22  FITNESS CENTRE, LLC DELAWARE fdba          )
    TRI STATE, INC. fdba THE FITNESS           )
23  CENTRE LLC CA_101 and MICHELLE             )
    RENE HARDT,                                )
24                                             )
    Defendants.                                )
25                                             )
                                               )
26

Plaintiff-Creditor HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary"), on behalf of the Journey Electrical Technologies, Inc. 401(k) Plan ("Plan" or "401(k) Plan"), and TIMOTHY JOHN HARDT fdba HARDEL, INC. fdba JOURNEY ELECTRICAL TECHNOLOGIES, INC. fdba THE FITNESS CENTRE, LLC DELAWARE fdba TRI STATE, INC. fdba THE FITNESS CENTRE LLC CA_101 ("Debtor") and MICHELLE RENE HARDT (collectively "Debtors"), having agreed to resolve any dispute as to the dischargeability of the debt owed by the Debtors to the Plan, and pursuant to L.R. 143 and 144, hereby consent to the following Joint Stipulation and Order as to Nondischargeability of Debt ("Stipulation") and entry of an Order from the Court in accordance herewith:

1.      On December 30, 2009, the Debtors filed a Petition for protection under Chapter 7 of the Bankruptcy Code in this Court.

2.      The Notice to Creditors in this matter stated that it was not necessary to file a Proof of Claim, as there were no assets to distribute in this matter; therefore, the Secretary did not file a Proof of Claim.

3.      This Court has jurisdiction over the parties and the subject matter of this Stipulation.

4.      Debtor Timothy Hardt is a fiduciary of the Plan within the meaning of Section 3(21), 29 U.S.C. § 1002(21), of the Employee Retirement Income Security Act of 1974 ("ERISA").

5.      The Plan is an employee benefit plan within the meaning of section 3(3) of the ERISA, 29 U.S.C. § 1002(3).

6.      Debtor Timothy Hardt breached the fiduciary duties imposed upon him by ERISA Sections 404(a)(1)(A), (B) and (D), 406(a)(1)(B), 406(b)(1) & (2), and 403(c)(1), 29 U.S.C. §§ 1104(a)(1)(A), (B), & (D); 1106(a)(1)(B), 1106(b)(1) & (2), and 1103(c)(1), by failing to remit, and remit timely, employee contributions and participant loan payments to the 401(k) Plan.

7.      Debtor Timothy Hardt further breached the fiduciary duties imposed upon him by ERISA Sections 404(a)(1)(A), (B) and (D), and 406(b)(2), 29 U.S.C. §§ 104(a)(1)(A), (B), & (D), 1106(b)(2), by failing to collect, and collect timely, mandatory employer prevailing wage contributions due to the 401(k) Plan.

8.      As a result of the fiduciary breaches set forth in Paragraphs 6 and 7, *supra*, and the Consent Judgment and Order between the Secretary of Labor and Defendant Timothy John Hardt agreed to contemporaneously with this filing in <u>Solis v. Hardt et al.</u>, Case No. 1:10-CV-02283-AWI-JLT, Debtor Timothy Hardt owes a debt of **$472,235.11** to the 401(k) Plan ("Amount Due").  Interest shall accrue on the Loss Amount at the rate set forth in 28 U.S.C. § 1961 from the date this Court enters an Order finding the Amount Due is nondischargeable until such time as the Amount Due is paid to the Plan in full.

9.      The debt to the Plan arose from Debtor Timothy Hardt's breaches of fiduciary duties owed to the Plan, as set forth in Paragraphs 6 and 7, *supra*, and such breaches also constitute fiduciary defalcation under Section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

10.     The parties consent to an entry of an Order that the debt to the Plan shall be a nondischargeable debt, without the need for trial or adjudication of any issue of fact or law.

11.     This Joint Stipulation and Order does not in any manner affect the right of the United States Department of Labor to assess a civil penalty of twenty percent (20%) on amounts recovered pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), after the full recovery of the Amount Due under the Consent Judgment and Order referred to in Paragraph 8 *infra*. This Joint Stipulation and Order does not in any manner affect the right of Defendant Hardt to apply for a waiver of such civil penalty pursuant to 29 C.F.R. § 2570.85-86, or contest such civil penalty assessment under Title 11 of the United States Code.

12.     While Section 524 of the Bankruptcy Code, 11 U.S.C. § 524, provides that any agreement for the nondischargeability of debt may be rescinded at any time prior to discharge or within sixty (60) days after such agreement is filed with the court, whichever

occurs later, Debtors agree that they will not rescind this Stipulation as to Nondischargeability of Debt.

13.     The parties understand that this agreement is not required under Title 11 of the United States Code, under non-bankruptcy law, or under any agreement not in accordance with the provisions of 11 U.S.C. § 524(c)(2)(B).

14.     Debtors expressly waive any and all claims of any nature, which they have or believe they may have against the United States Department of Labor, the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this adversary proceeding and any other proceeding or investigation incident to this adversary proceeding.

15.     Nothing in this Stipulation is binding on any governmental agency other than the Employee Benefits Security Administration, United States Department of Labor.

16.     The parties shall bear their own costs, expenses, and attorneys' fees incurred in connection with any stage of the above-referenced proceeding to date, including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

17.     The Secretary hereby waives and releases all claims asserted in her Adversary Complaint against Debtor Michelle Rene Hardt.

The Court directs the entry of this Joint Stipulation and Order as a final order.
IT IS SO ORDERED, ADJUDGED, and DECREED.

The undersigned consent to the foregoing Stipulation and consent to the entry of an Order from the Court consistent herewith.

| | |
|---|---|
| Approved this _____ day of_____, 2012:<br><br>By: _____<br>TIMOTHY HARDT<br><br>Approved this _____ day of_____, 2012:<br><br>By: _____<br>MICHELLE HARDT<br><br>Approved as to form this _____ day of _____, 2012:<br><br>By: _____<br>Ray T. Mullen, Esq.<br>Law Office Of Ray T. Mullen<br>1405 Commercial Way, Suite 130<br>Bakersfield, California 93309<br><br>Murray Tragish, Esq.<br>Law Offices of Murray Tragish<br>1405 Commercial Way, Suite 130<br>Bakersfield, California 93309<br>Counsel for Defendant Timothy Hardt | Approved this ___ day of _____, 2012:<br><br>M. PATRICIA SMITH<br>Solicitor of Labor<br><br>JANET M. HEROLD<br>Regional Solicitor<br><br>BRUCE L. BROWN<br>Associate Regional Solicitor, Seattle<br><br>DANIELLE L. JABERG<br>Counsel for ERISA<br><br><br>By: _____<br>EVAN H. NORDBY<br>Trial Attorney<br><br>Attorneys for Plaintiff<br>United States Department of Labor |

IT IS SO ORDERED.

Dated:   September 14, 2012            _____
                                      CHIEF UNITED STATES DISTRICT JUDGE